UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY EATON, JR.,

       Plaintiff,                         Hon. Ellen S. Carmody

v.                                       Case No. 1:14-CV-1113

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____/

## **OPINION**

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act. On January 20, 2015, the parties agreed to proceed in this Court for all further proceedings, including an order of final judgment. (Dkt. #11).

Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. For the reasons articulated herein, the Commissioner's decision is **vacated and this matter remanded for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g)**.

## **STANDARD OF REVIEW**

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984).

As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This

standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## PROCEDURAL POSTURE

Plaintiff was 43 years of age on his alleged disability onset date. (Tr. 43). He possesses an eleventh grade education and worked previously as a card room attendant and solderer/assembler. (Tr. 41, 48-49). Plaintiff applied for benefits on September 7, 2011, alleging that he had been disabled since January 1, 2009, due to diabetes, HIV, depression, ADHD, hypertension, obesity, and periodontal disease. (Tr. 123-31, 170). Plaintiff's applications were denied, after which time he requested a hearing before an Administrative Law Judge (ALJ). (Tr. 54-122). On April 1, 2013, Plaintiff appeared before ALJ Nicholas Ohanesian with testimony being offered by Plaintiff and a vocational expert. (Tr. 25-53). In a written decision dated June 27, 2013, the ALJ determined that Plaintiff was not disabled. (Tr. 11-20). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. (Tr. 1-5). Plaintiff subsequently initiated this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

Plaintiff's insured status expired on December 31, 2007. (Tr. 13). To be eligible for Disability Insurance Benefits under Title II of the Social Security Act, Plaintiff must establish that he became disabled prior to the expiration of his insured status. *See* 42 U.S.C. § 423; *Moon v. Sullivan*, 923 F.2d 1175, 1182 (6th Cir. 1990).

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining his residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and he can satisfy his burden by demonstrating that his impairments are so severe that he is unable to perform his previous work, and cannot, considering his age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which his residual functioning capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*,

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors. (20 C.F.R. §§ 404.1520(d), 416.920(d));

4. If an individual is capable of performing her past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

4

127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

The ALJ determined that Plaintiff suffered from: (1) type II diabetes; (2) hypertension; (3) hyperlipidemia; (4) obesity; (5) HIV; (6) sleep apnea; (7) cognitive disorder; and (8) mood disorder, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (Tr. 13-15). Regarding Plaintiff's residual functional capacity, the ALJ found that Plaintiff retained the ability to perform light work subject to the following limitations: (1) he can only occasionally climb ramps/stairs and can never climb ladders, ropes, or scaffolds; (2) he can frequently stoop, kneel, crouch, and crawl, but can only occasionally balance; and (3) he is limited to simple, routine, and repetitive tasks. (Tr. 15). Based upon the testimony of a vocational expert, the ALJ found that Plaintiff was "capable of performing past relevant work as a card room attendant." (Tr. 19). Accordingly, the ALJ denied Plaintiff's claim at step four of the aforementioned sequential process.

I. **The ALJ's RFC Determination is Supported by Substantial Evidence**

A claimant's RFC represents the "most [a claimant] can still do despite [the claimant's] limitations." *Sullivan v. Commissioner of Social Security*, 595 Fed. Appx. 502, 505 (6th Cir., Dec. 12, 2014); *see also*, Social Security Ruling 96-8P, 1996 WL 374184 at *1 (Social Security Administration, July 2, 1996) (a claimant's RFC represents her ability to perform "work-related physical and mental activities in a work setting on a regular and continuing basis," defined as "8 hours a day, for 5 days a week, or an equivalent work schedule"). Plaintiff asserts that he is entitled

to relief because the ALJ's RFC determination is not supported by substantial evidence. Specifically, Plaintiff argues that the ALJ failed to sufficiently account for his non-exertional impairments and limitations.

The Court first notes that numerous physical examinations revealed results that are not inconsistent with the ALJ's conclusion that Plaintiff can perform a limited range of light work. (Tr. 357-68, 527-28, 720-34). As for Plaintiff's non-exertional impairments, the ALJ recognized that Plaintiff suffered from a cognitive disorder and mood disorder which limited him to simple, routine, and repetitive tasks. Therapy treatment notes revealed minimal findings, improvement with medication compliance, and GAF scores of 55-75.[2] (Tr. 565-604). Specifically, with respect to Plaintiff's alleged cognitive impairment, Plaintiff's care providers noted, for example, that Plaintiff "notes some forgetfulness and confusion," but "demonstrates ability to reason and problem solve." (Tr. 584). Extensive cognitive testing revealed that Plaintiff was "functioning in the average range of intelligence, with significantly better performance than verbal abilities." (Tr. 817). An MRI of Plaintiff's brain was "unremarkable." (Tr. 746). In sum, the ALJ's RFC findings are supported by substantial evidence. Accordingly, this argument is rejected.

---

[2] The Global Assessment of Functioning (GAF) score refers to the clinician's judgment of the individual's overall level of functioning. American Psychiatric Association, *Diagnostic and Statistical Manual of Mental Disorders* 32 (4th ed. 1994) (hereinafter DSM-IV). A GAF score of 55-60 indicates "moderate symptoms or moderate difficulty in social, occupational, or school functioning." DSM-IV at 34. A GAF score of 61-70 indicates "some mild symptoms or some difficulty in social, occupational, or school functioning, but generally functioning pretty well, has some meaningful interpersonal relationships." *Id.* A GAF score of 75 indicates that "[i]f symptoms are present, they are transient and expectable reactions to psychosocial stressors; no more than slight impairment in social, occupational, or school functioning." *Id.*

**II.     The ALJ's Credibility Determination is Supported by Substantial Evidence**

Plaintiff testified at the administrative hearing that he was impaired to an extent well beyond that recognized by the ALJ. (Tr. 30-46). Specifically, Plaintiff testified that as a result of his cognitive and physical impairments he is unable to do much except sleep and watch television. (Tr. 30-46). Plaintiff asserts that he is entitled to relief because the decision by the ALJ to discount his subjective allegations is not supported by substantial evidence.

As the Sixth Circuit has long recognized, "pain alone, if the result of a medical impairment, *may* be severe enough to constitute disability." *King v. Heckler*, 742 F.2d 968, 974 (6th Cir. 1984) (emphasis added); *see also*, *Grecol v. Halter*, 46 Fed. Appx. 773, 775 (6th Cir., Aug. 29, 2002) (same). As the relevant Social Security regulations make clear, however, a claimant's "statements about [his] pain or other symptoms will not alone establish that [he is] disabled." 20 C.F.R. § 404.1529(a); *see also*, *Walters v. Commissioner of Social Security*, 127 F.3d 525, 531 (6th Cir. 1997) (quoting 20 C.F.R. § 404.1529(a)) *Hash v. Commissioner of Social Security*, 309 Fed. Appx. 981, 989 (6th Cir., Feb. 10, 2009). Instead, as the Sixth Circuit has established, a claimant's assertions of disabling pain and limitation are evaluated pursuant to the following standard:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

*Walters*, 127 F.3d at 531 (citations omitted). This standard is often referred to as the *Duncan* standard. *See Workman v. Commissioner of Social Security*, 105 Fed. Appx. 794, 801 (6th Cir., July 29, 2004).

Accordingly, as the Sixth Circuit has repeatedly held, "subjective complaints may support a finding of disability only where objective medical evidence confirms the severity of the alleged symptoms." *Id.* (citing *Blankenship v. Bowen*, 874 F.2d 1116, 1123 (6th Cir. 1989)). However, where the objective medical evidence fails to confirm the severity of a claimant's subjective allegations, the ALJ "has the power and discretion to weigh all of the evidence and to resolve the significant conflicts in the administrative record." *Workman*, 105 Fed. Appx. at 801 (citing *Walters*, 127 F.3d at 531).

In this respect, it is recognized that the ALJ's credibility assessment "must be accorded great weight and deference." *Workman*, 105 Fed. Appx. at 801 (citing *Walters*, 127 F.3d at 531); *see also*, *Heston v. Commissioner of Social Security*, 245 F.3d 528, 536 (6th Cir. 2001) ("[i]t is for the [Commissioner] and his examiner, as the fact-finders, to pass upon the credibility of the witnesses and weigh and evaluate their testimony"). It is not for this Court to reevaluate such evidence anew, and so long as the ALJ's determination is supported by substantial evidence, it must stand. The ALJ found Plaintiff's subjective allegations to not be fully credible, a finding that should not be lightly disregarded. *See Varley v. Sec'y of Health and Human Services*, 820 F.2d 777, 780 (6th Cir. 1987). In fact, as the Sixth Circuit recently stated, "[w]e have held that an administrative law judge's credibility findings are virtually unchallengeable." *Ritchie v. Commissioner of Social Security*, 540 Fed. Appx. 508, 511 (6th Cir., Oct. 4, 2013) (citation omitted).

In discounting Plaintiff's subjective allegations, the ALJ noted that the medical evidence regarding Plaintiff's physical ailments was inconsistent with his allegations of disabling limitations. (Tr. 16-17). The ALJ also noted that the evidence regarding Plaintiff's non-exertional impairments likewise did not support his allegations. (Tr. 17-19). As discussed above, the medical

evidence reveals that Plaintiff is capable of functioning at a much higher level than alleged. The ALJ also correctly noted that Plaintiff's reported activities were inconsistent with his hearing testimony. (Tr. 17, 188-201). Finally, the ALJ also accurately noted that Plaintiff acknowledged at the administrative hearing being less than truthful with his care providers regarding his level of physical activity. (Tr. 18, 42-43). In sum, the ALJ's rationale for discounting Plaintiff's subjective allegations is supported by substantial evidence. Accordingly, this argument is rejected.

### III. The ALJ's Step IV Determination is Not Supported by Substantial Evidence

As previously noted, the ALJ resolved Plaintiff's claim at step four of the sequential process on the ground that Plaintiff retained the ability to perform his past relevant work as a card room attendant. As Defendant notes, however, the ALJ's decision at step four is not supported by substantial evidence as discussed below. Defendant argues, however, that this deficiency is harmless and that the Court should nevertheless affirm the ALJ's decision. The Court disagrees and finds that this matter must be remanded for further administrative action.[3]

Denial of a disability claim at step four, on the ground that the claimant can perform past relevant work, requires a finding by the ALJ that the previous work in question constituted substantial gainful activity. *See* 20 C.F.R. §§ 404.1520(e), 416.920(e); *Roberts v. Colvin*, 2015 WL 5013771 at *2 (S.D. Ohio, July 28, 2015) ("to be considered past relevant work, the work must. . .have constituted substantial gainful activity"). The ALJ denied Plaintiff's claim on the ground that Plaintiff could perform his past relevant work as a card room attendant. This determination,

---

[3] Should there be any question whether the Court can remand this matter based upon an issue raised by Defendant, the Court notes that it can order a remand based upon errors raised by the Court sua sponte. *See, e,g., Seay v. Colvin*, 2013 WL 5785782 at *12 n.4 (E.D. Mich., Oct. 28, 2013).

however, contradicts the ALJ's previous conclusion that Plaintiff's work as a card room attendant did not constitute substantial gainful activity. (Tr. 13, 37-39, 157, 178-79). Accordingly, the Court finds that the ALJ's decision is not supported by substantial evidence.

Moreover, the Court does not find this error to be harmless as Defendant urges. Because the ALJ's step four analysis fails, the analysis moves to step five of the sequential process at which point the burden of proof shifts to the ALJ to establish by substantial evidence that a significant number of jobs exist in the national economy which Plaintiff could perform, his limitations notwithstanding. *See Richardson*, 735 F.2d at 964. This obligates the ALJ to make "a finding supported by substantial evidence that a claimant has the vocational qualifications to perform specific jobs." *O'Banner v. Sec'y of Health and Human Services*, 587 F.2d 321, 323 (6th Cir. 1978) (emphasis added). The record contains no findings, evidence, or testimony satisfying this standard. Thus, the ALJ's decision must be vacated.

While the Court finds that the ALJ's decision fails to comply with the relevant legal standards, Plaintiff can be awarded benefits only if "all essential factual issues have been resolved" and "the record adequately establishes [his] entitlement to benefits." *Faucher v. Secretary of Health and Human Serv's*, 17 F.3d 171, 176 (6th Cir. 1994); *see also, Brooks v. Commissioner of Social Security*, 531 Fed. Appx. 636, 644 (6th Cir., Aug. 6, 2013). This latter requirement is satisfied "where the proof of disability is overwhelming or where proof of disability is strong and evidence to the contrary is lacking." *Faucher*, 17 F.3d at 176; *see also*, *Brooks*, 531 Fed. Appx. at 644. This Court is neither competent nor authorized to determine in the first instance whether there exists a significant number of jobs which Plaintiff is capable of performing despite his limitations. Accordingly. this matter must be remanded for further administrative action.

## CONCLUSION

For the reasons articulated herein, the Court concludes that the ALJ's decision is not supported by substantial evidence. Accordingly, the Commissioner's decision is **vacated and the matter remanded for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g)**. A judgment consistent with this opinion will enter.


Date: December 15, 2015                                         /s/ Ellen S. Carmody
                                                                ELLEN S. CARMODY
                                                                United States Magistrate Judge